**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD P. KAPLAN, | : | |
| Plaintiff, | : | Civil Action No. 14-0830 (CCC) |
| v. | : | **OPINION** |
| ERIC HOLDER, JR., et al., | : | |
| Defendants. | : | |

**CECCHI, District Judge:**

*Pro se* Plaintiff Richard P. Kaplan, a convicted prisoner confined at the Federal Correctional Institution in Otisville, New York, files the instant Amended Complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, alleging that his constitutional rights were violated through malicious prosecution by federal and state officials. After the initial Complaint was filed, prior to the Court's screening, Plaintiff filed an Amended Complaint, ECF No. 15. Because Plaintiff is proceeding under *in forma pauperis* status, at this time, the Court must review the Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). For the reasons stated below, the Court dismisses the Amended Complaint.

## I.      FACTUAL BACKGROUND

At the outset, the Court notes that the Amended Complaint is sparse and contains very few factual allegations; indeed, the Amended Complaint is comprised mostly of bare conclusory statements. In essence, the Amended Complaint asserts that various named and unnamed

defendants acted in a conspiracy to maliciously prosecute Plaintiff in two separate matters: (1) for "accepting corrupt funds from the City contractors," (ECF No. 15 at 7); and (2) in a murder-for-hire scheme, (ECF No. 15-1). Although Plaintiff does not explicitly identify the criminal matters in question, the Court's research reveals two criminal cases in this district in which Plaintiff was charged and convicted with the crimes alleged in the Amended Complaint. *See United States v. Kaplan*, No. 07-cr-0329 (D.N.J. filed Apr. 20, 2007) (bribery involving federal programs); *United States v. Kaplan*, No. 08-cr-0581 (D.N.J. filed Mar. 31, 2008) (murder for hire).

While the Amended Complaint contains few factual allegations supporting his claims of conspiracy and malicious prosecution, Plaintiff asserts claims against a wide range of defendants, from Eric Holder, Jr., then the Attorney General of the United States, Christopher Christie, then the United States Attorney for this federal district, Bruce J. Kaplan, the mayor of New Brunswick, various federal and county prosecutors, FBI investigators, and the police chief and the city planner of New Brunswick. This exacerbates the deficiencies of the Amended Complaint—for example, there is no allegation whatsoever detailing how the then Attorney General of the United States was involved in the alleged conspiracy. The extent of his allegations are that all of these defendants "take part in away [sic] when communication was being performed when the plaintiff was under . . . investigation [for the above crimes]." (ECF No. 15-1 at 4.) Essentially, Plaintiff's theory of the case is that "[a] person who becomes involved in a conspiracy has to communicate with another person who falsely acknowledges a criminal act or any other Due Process violations." (*Id.*) An example of the alleged "criminal act" or violation is that Defendants "deliberate[ly] use[d] jailhouse informants to elicit incriminating information from [Plaintiff]." (*Id.* at 5.)

The Court notes that nowhere in the Amended Complaint does Plaintiff assert that he did not commit the acts that were found to be criminal. For example, he essentially admits that he did

2

attempt to offer "consideration . . . in exchange for another's agreement to commit murder[.]" (ECF No. 15-1 at 3.) He merely argues the legal sufficiency of the government's proof. *Id.* Moreover, absent from the allegations is that Plaintiff pleaded guilty in both of the federal cases. *See Kaplan*, No. 07-cr-0329, ECF No. 6; *Kaplan*, No. 08-cr-0581, ECF No. 16. The Court takes judicial notice of these guilty pleas. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Bolick v. Pennsylvania*, 473 F. App'x 136, 138 (3d Cir. 2012) ("[A] court is permitted to look to matters of public record, including 'criminal case dispositions.'") (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993)).

## II. STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012),

3

and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

### III. DISCUSSION

Based on Plaintiff's allegations, the Court construes the Amended Complaint as asserting claims of malicious prosecution, and conspiracy to commit malicious prosecution, against all Defendants.[1] To state a claim for malicious prosecution, a plaintiff must satisfy each of the following elements: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted). However, a plaintiff cannot state a valid malicious prosecution claim when he pleads guilty to a charge that was allegedly malicious, because a guilty plea "does not permit a later assertion of no probable cause." *Walker v. Clearfield Cty. Dist. Att'y*,

---

[1] Plaintiff also raises "fraudulent concealment" claims against all Defendants. However, the Court is not aware of any federal cause of action for fraudulent concealment. *See Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 195-96 (1997); *Jonas v. Gold*, 627 F. App'x 134, 139 (3d Cir. 2015). Under New Jersey state common law, there is an independent cause of action for fraudulent concealment, *see Polhill v. FedEx Ground Package Sys.*, 604 F. App'x 104, 107 n.2 (3d Cir. 2015), but as the Court is declining jurisdiction over Plaintiff's state law claims, *infra*, the Court does not address the merits of such a state law claim here. The Court further notes that as fraudulent concealment claims are claims of fraud, they are subject to the heightened pleading requirements under Federal Rule of Civil Procedure 9(b), which the Amended Complaint does not appear to meet. *Polhill*, 604 F. App'x at 106 ("Polhill would have to comply with Rule 9(b)'s particularity requirement in setting forth the alleged misconduct [of fraudulent misrepresentation and concealment].") Moreover, Plaintiff refers to the Freedom of Information Act and the Privacy Act, (ECF No. 15-1 at 8), but the Court does not construe the Amended Complaint as raising claims under those acts; the Court reads those references as background information.

413 F. App'x 481, 483 (3d Cir. 2011) (holding that a guilty plea precludes a finding that prosecution was without probable cause).

Here, Plaintiff's malicious prosecution claims must fail because he cannot establish that the criminal proceedings were initiated without probable cause. As stated above, Plaintiff was charged in two federal criminal proceedings that mirror the allegations in the Amended Complaint, and in both proceedings, Plaintiff pled guilty. As such, his guilty plea in each case precludes a finding that either proceeding was initiated without probable cause. Thus, Plaintiff cannot establish an essential element of malicious prosecution, and fails to state a claim upon which relief may be granted.[2] Likewise, his claims that Defendants conspired to falsely prosecute him also fail. *See Hamborsky v. O'Barto*, 613 F. App'x 178, 183 (3d Cir. 2015) ("Given our conclusion that the malicious prosecution claims fail, Hamborsky's conspiracy claim must also fail because there is no underlying violation of his constitutional rights, which is a prerequisite for conspiracy liability.") (citing *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781, 789 (3d Cir. 1999)). Accordingly, the Court dismisses these claims without prejudice.

---

[2]  To the extent Plaintiff raises any claims of false imprisonment and withholding of exculpatory evidence, those claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on those claims would necessarily imply that Plaintiff's convictions were invalid.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. Here, there is no record that Plaintiff has succeeded in invalidating his convictions in a collateral proceeding, so any claims of false imprisonment and withholding of evidence cannot proceed.

Furthermore, the Court declines jurisdiction over Plaintiff's remaining state law claims. Federal law permits the district court, within its discretion, to decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). Therefore, the Court dismisses those claims without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint **DISMISSED WITHOUT PREJUDICE**.

Claire C. Cecchi, U.S.D.J.

Dated: Feby 2, 2017