NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD P. KAPLAN, | : | Civil Action No. 14-0830 (CCC) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| ERIC HOLDER, JR., et al., | : | |
| Defendants. | : | |

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint. The Court previously dismissed the case after finding that Plaintiff has failed to state a claim upon which relief may be granted. (ECF No. 29 at 5.) Specifically, the Court found that the malicious prosecution claims asserted in the Amended Complaint failed because Plaintiff pleaded guilty to the offenses challenged. (*Id.*) Presently before the Court is Plaintiff's motion for reconsideration, (ECF No. 31).

Because Plaintiff filed his motion for reconsideration within 28 days of the Court's dismissal, the Court construes the motion as one filed under Federal Rule of Civil Procedure 59(e). The scope of a motion for reconsideration of a final judgment under Rule 59(e) is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. *Id.*; *see* L.Civ.R. 7.1(i) (governing motions for reconsideration). To prevail on a motion for reconsideration under Rule 59(e), the movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered the judgment in question]; or (3) the need to correct a clear

1

error of law or fact or to prevent manifest injustice." *Id.*; *see U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 77-78 (D.N.J. 2012) (quotation and citation omitted). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *Id.* at 78.

Here, Plaintiff raises no valid arguments for reconsideration. In his motion, Plaintiff again makes numerous factual allegations regarding why he believes his criminal prosecutions were improper, but he does not address the central holding of the Court's dismissal—that he pled guilty and admitted to factual guilt. *See Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) ("A counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."). To the extent Plaintiff wishes to challenge the propriety of his guilty pleas, a civil rights action is not the proper forum to do so; it is not an alternative forum for Plaintiff to retry his criminal cases. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Lora–Pena v. FBI*, 529 F.3d 503, 506 n.2 (3d Cir. 2008). If Plaintiff wishes to challenge his guilty pleas, he must do so through a federal habeas action under 28 U.S.C. § 2255— indeed, Plaintiff *has* filed § 2255 motions in both of his criminal matters, and they were both dismissed. *See Kaplan v. United States*, No. 14-1007, ECF No. 12 (D.N.J. entered Mar. 18, 2015); *Kaplan v. United States*, No. 13-2554, ECF No. 4 (D.N.J. entered July 24, 2013).

For the purposes of this civil matter, the Court *must* treat Plaintiff's guilty pleas as valid. *Heck*, 512 U.S. at 487. As the Court stated in its dismissal, the existence of the guilty pleas forecloses Plaintiff's malicious prosecution claims. (ECF No. 29 at 5.) As such, the motion for reconsideration is denied.

IT IS therefore on this 28 day of September, 2017,

ORDERED that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED"; it is further

ORDERED that Plaintiff's motion for reconsideration, ECF No. 31, is hereby **DENIED**; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail, and shall **CLOSE** the file.

Claire C. Cecchi, U.S.D.J.